REVENUE AND TAXATION A County Board of Equalization, under the authority of 68 O.S. 2459 [68-2459] and 68 O.S. 2460 [68-2460] (1971) has the authority to equalize, correct and adjust the assessed valuation of real and personal property by raising or lowering the valuation of the property after receiving the assessment roll from the County Assessor. Further, a County Assessor may revaluate on a systematic plan to be carried out in phases resulting in some property being placed on the tax rolls at its new value in one year and other property being revalued and placed on the rolls at a higher rate in subsequent years. It is not necessary that all property be revalued before placing property on the tax rolls at new values. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1. Under the powers of the County Equalization Board, does the Board have the authority to order county-wide assessment increases or decreases from levels provided by County Assessors ? 2. Can a County Assessor revaluate part of a county and place that property on the tax rolls immediately, or must all property of a classification be placed on the tax rolls on a uniform county-wide basis? Title 68 O.S. 2471 [68-2471] (1971) provides in pertinent part: "The assessment roll shall be correctly footed and balanced and it shall be the mandatory duty of the county assessor as outlined under the penalties of 68 O.S. 2476 [68-2476] to deliver the completed roll to the county board of equalization on or before the fourth Monday in April of each year, in order that said board may correct, adjust and equalize the taxable value of the property of the county. Except that in counties having an assessed valuation in excess of Five Hundred Million Dollars ($500,000,000.00) the real estate portion of said completed roll shall be delivered to the county board of equalization on or before the fourth monday in January of each year." (Emphasis supplied) Title 68 O.S. 2549 [68-2549] (1971) sets forth the duties and authority of county boards of equalization and provides in pertinent part: "It shall be the duty of said boards, and they shall have the authority, "(a) to equalize, correct and adjust the assessed valuation of real and personal property, by raising or lowering the valuation of the property, real or personal, of any taxpayer, to conform to the fair cash value thereof, as defined by law ;" Volume 6 Okl. Op.A.G. 249 (Opinion No. 73-273) contained a particularly illuminating discussion of the equalization process. In the body of that opinion, the following language appears: ". . . The Legislature obviously contemplated that once the County Assessor turned the assessment roll, containing therein his valuation of the property within the county, over to the County Board of Equalization, the County Assessor would then lose his authority to adjust the value of the property independent of the County Board of Equalization. This conclusion is supported by two other statutory provisions. First 68 O.S. 2459 [68-2459] (1971) provides that the County Board of Equalization, not the County Assessor, has the final responsibility and authority to equalize, correct and adjust the assessed valuation of property before the abstract of the assessment roll is certified and delivered to the Tax Commission by the County Assessor. If the County Assessor were allowed to independently alter the assessment roll after said roll has been delivered to the County Board of Equalization, it would be possible for him to substitute his own assessed value for that which the County Board has determined to be proper. Second, 68 O.S. 2461 [68-2461] (1971) provides that both the taxpayer and the County Assessor have the right to appeal any order of the County Board of Equalization to the district court of the same county. * * * It must be concluded that the Legislature intended the County Assessor to have complete authority to establish the assessed value of property within the county up to and until such time as the assessment roll is delivered to the County Board of Equalization. Thereafter, any adjustment or correction of the assessment roll will be officially performed by the County Board of Equalization. The County Board of Equalization will likewise be without authority to adjust the assessment roll after the abstract thereof is delivered to the Oklahoma Tax Commission." As to your first question, it is clearly apparent that the County Board of Equalization has authority to order increases or decreases in assessments. Under 68 O.S. 2460 [68-2460] (1971) it is clear that where the County Assessor or the County Board of Equalization increases the valuation of any property or in the case of real estate, increases the valuation over the assessment for the preceding year, that the taxpayer must receive notice and be given a right to a hearing before the County Board of Equalization. The order entered by the Board at that hearing may be appealed to the District Court. 68 O.S. 2460 [68-2460] above clearly indicates that the County Board of Equalization has wide authority to increase or decrease assessments provided by the County Assessor. As to your second question, 68 O.S. 2481.1 [68-2481.1] (1976) provides that each County Assessor must maintain an active and systematic program of revaluation on a continuous basis and that each Assessor shall establish a revaluation schedule which results in revaluation of all taxable property within the county at least once each five years. This section was construed in 2 Okl.Op.A.G. 129 (Opinion No. 69-187) and in that opinion it was concluded that it is not discriminatory for a County Assessor to establish and proceed with a systematic plan for revaluation that will be carried out in phases resulting in some property being placed on tax rolls at its new value in one year and other property being revalued and placed on the rolls at a higher rate in subsequent years. The opinion also held that it is not necessary that all property be revalued before placing property on the tax rolls at new values. This opinion, which is still in effect, is apparently dispositive of your second question. It is, therefore, the opinion of the Attorney General that your questions be answered in the following manner: A County Board of Equalization, under the authority of 68 O.S. 2459 [68-2459] and 68 O.S. 2460 [68-2460] (1971) has the authority to equalize, correct and adjust the assessed valuation of real and personal property by raising or lowering the valuation of the property after receiving the assessment roll from the County Assessor. Further, in response to your second question, a County Assessor has been given broad authority to establish a systematic program of revaluation and the Assessor has sole authority to decide whether to carry out the revaluation in phases by placing some property on the tax rolls at its new value in one year and other property in subsequent years. (MICHAEL CAUTHRON)